FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO NOYOLA, | No. 13-35820 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00196-RMP |
| v. | |
| KERRI ADLER, Lt.; SCOTT PONOZZO, Sgt., individually and in their official capacities, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Washington state prisoner Mario Noyola appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging, among other

things, due process and equal protection violations in connection with prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

officials' 30-day suspension of his visitation rights as a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Noyola's due process claim because Noyola failed to raise a genuine dispute of material fact as to whether he had a protected right to visits from friends or family. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) (state may create a liberty interest through statutes, prison regulations, and policies); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989) (Due Process Clause does not guarantee unfettered visitation rights to inmates).

The district court properly granted summary judgment on Noyola's equal protection claim because Noyola failed to raise a genuine dispute of material fact as to whether he was intentionally and without a rational basis treated differently than any similarly situated detainee. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of equal protection claim).

The district court did not abuse its discretion by denying Noyola's motion to continue defendants' summary judgment motion until Noyola received additional discovery because he failed to show how the additional discovery was necessary to defeat summary judgment. *See* Fed. R. Civ. P. 56(d); *Blough v. Holland Realty,*

*Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) (denial of continuance to conduct further discovery appropriate when the district court considers the merits of the motion and concludes that there is no point to pursuing the requested discovery); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (setting forth standard of review and explaining that movant must show specific facts he hopes to discover and how those facts would preclude summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**