FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE PHILLIPPI, II, AKA Robert M. Ray,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>PATTERSON; et al.,<br><br>Defendants - Appellees. | No. 14-16584<br><br>D.C. No. 1:13-cv-01514-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Bruce Phillippi, II, aka Robert M. Ray, a California state prisoner, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Phillippi consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging retaliation and violation of his right of access to the courts.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Phillippi's First Amendment retaliation claims because Phillippi failed to allege facts showing that defendants improperly denied, rejected, and/or cancelled his grievances because of his protected conduct. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory intent); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Phillippi's access-to-courts claim because Phillippi failed to allege facts showing an actual injury resulting from

---

[1] Phillippi filed his complaints and appeal under the name Robert M. Ray, aka Bruce Phillippi.  However, he is imprisoned under the name "Bruce Phillipi," and the relevant district court orders refer to Appellant as "Bruce Phillipi."

14-16584

defendants' handling of his grievances. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (access-to-courts claim requires "actual prejudice . . . to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" (citation and internal quotation marks omitted)).

We reject Phillippi's contention that his due process rights were violated.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Phillippi's motion for appointment of counsel, set forth in his opening brief, is denied.

Phillippi's motion for in forma pauperis status, set forth in his opening brief, is denied as unnecessary.

**AFFIRMED.**