**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE BOLDS, | No. 14-15176 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01754-GSA |
| v. | |
| J. CAVAZOS, Chief Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Willie Bolds, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Bolds consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations in connection with the confiscation and disposal of his television. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Bolds's free exercise claim because he failed to allege facts showing that the confiscation of his television substantially burdened the practice of his religion. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (test for determining whether Free Exercise Clause is implicated).

The district court properly dismissed Bolds's claim alleging an unreasonable search of his cell and seizure of his property because "the Fourth Amendment proscription against unreasonable searches [and seizures] does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, 528 n.8 (1984).

The district court properly dismissed Bolds's due process claim alleging deficiencies in the grievance process. *See Ramirez*, 334 F.3d at 860 ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure").

To the extent that Bolds attempted to state a due process claim based on an alleged unauthorized deprivation of property, the district court properly dismissed the claim because Bolds had an adequate post-deprivation remedy under California

law.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

Bolds's due process claim alleging an authorized deprivation of property was properly dismissed because he presented only conclusory allegations of a deprivation pursuant to "established state procedures."  *See Hudson*, 468 U.S. at 532 ("postdeprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure").  However, dismissal of this claim without leave to amend was improper at this early stage in the case because it is not clear that Bolds cannot cure the defect through amendment.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend should be granted unless it is clear that amendment would be futile).

We do not consider matters raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We vacate the dismissal of the due process claim alleging an authorized deprivation of property and remand to allow Bolds an opportunity to amend that claim.  We affirm the dismissal of all other claims.

**AFFIRMED in part, VACATED in part, and REMANDED.**