NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE BOLDS, | No. 16-15592 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01754-BAM |
| v. | |
| J. CAVAZOS, Chief Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara A. McAuliffe, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Willie Bolds appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging procedural due process

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Bolds consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Bolds's due process claim arising from the alleged deprivation of his property because Bolds failed to allege facts sufficient to show that he was not provided with the process he was due. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (a prison violates the due process clause when it "prescribes and enforces forfeitures of property without . . . competent procedural protections").

To the extent that Bolds alleged any other due process claim related to the deprivation of his property, the district court properly dismissed these claims because this court affirmed the dismissal of these claims without leave to amend in *Bolds v. Cavados*, 599 F. App'x 307, 307-08 (9th Cir. 2015). *See S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided by . . . a higher court in the same case.").

Contrary to Bolds's contention that the district court's construction of his objections as a motion for reconsideration was improper, Bolds consented to a

magistrate judge and therefore he was not entitled to file objections to the magistrate judge's ruling.

We reject as meritless Bolds's contentions that the district court misled plaintiff, failed to comply with this court's order in *Bolds I*, failed to consider allegations in the third amended complaint, and lacked subject matter jurisdiction.

**AFFIRMED.**