**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES MARK HINKLEY, | No. 13-35973 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05178-RJB |
| v. | |
| SCOTT RUSSELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Washington state prisoner James Mark Hinkley appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations arising out of a disciplinary hearing and the disposal of his

personal property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Hinkley's due process claim based on the unauthorized deprivation of his property because Hinkley had an adequate postdeprivation remedy under Washington law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

The district court properly granted summary judgment on Hinkley's due process claim based on his placement in administrative segregation because Hinkley failed to raise a genuine dispute of material fact as to whether he was deprived of a cognizable liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly granted summary judgment on Hinkley's due process claim based on his loss of his good time credits because Hinkley failed to raise a genuine dispute of material fact as to whether he was denied any procedural

protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

We reject Hinkley's contention that the district court erred in treating his claims as state law claims.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**