**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NEVADA DEPARTMENT OF
CORRECTIONS,
                    *Plaintiff-Appellee,*

            v.

TRAVERS A. GREENE; PAUL
BROWNING,
                    *Defendants-Appellants,*

            and

RUSSELL DAVID COHEN; JIMMY EARL
DOWNS,
                    *Defendants.*

No. 08-17091

D.C. No.
3:07-cv-00266-
LRH-RAM

NEVADA DEPARTMENT OF
CORRECTIONS,
                    *Plaintiff-Appellee,*

            v.

JIMMY EARL DOWNS,
                    *Defendant-Appellant,*

            and

RUSSELL DAVID COHEN; TRAVERS A.
GREENE; PAUL BROWNING,
                    *Defendants.*

No. 09-15753

D.C. No.
3:07-cv-00266-
LRH-RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 11, 2011*
San Francisco, California

Filed August 15, 2011

Before: Procter Hug, Jr., Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Hug

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Travers A. Greene and Paul Browning, Pro Se, Ely, Nevada, Jimmy Earl Downs, Pro Se, Indian Springs, Nevada, for the defendants-appellants.

Alicia L. Lerud, Deputy Attorney General, Carson City, Nevada, for the plaintiff-appellee.

## OPINION

HUG, Senior Circuit Judge.

This consolidated appeal asks us to consider the constitutionality of the Nevada Department of Corrections' ("NDOC") policy prohibiting inmates' personal possession of typewriters. NDOC inmates, Travers A. Greene, Paul Browning, and Jimmy Earl Downs, appeal pro se the district court's grant of summary judgment in favor of the NDOC. We conclude that the ban does not violate the inmates' constitutional rights and, accordingly, affirm the decision of the district court.

## I.    Background

In December 2006, Douglas Potter, an inmate at Ely State Prison ("ESP"), murdered another inmate in his cell. The local sheriff's department investigated the crime. The murder weapon was determined to be a roller pin from an inmate-owned typewriter. In March 2007, an inmate attempted to stab

a correctional officer. Once again, the weapon was a piece of an inmate-owned typewriter.

Shortly after these attacks, the NDOC enacted a ban on inmate possession of typewriters at ESP. In May 2007, the NDOC made the ban system-wide, and notified all inmates that it would be adding typewriters to the list of items prohibited from possession. Inmates who possessed typewriters had the option of shipping the typewriter out of the prison, donating the typewriter to charity, or having the typewriter destroyed.

In light of multiple lawsuits concerning the validity of the ban, the NDOC sought declaratory relief as to whether it had the legal right to ban typewriter possession and whether the ban is constitutional. The NDOC filed suit against inmate Russell Cohen. Downs filed a motion to intervene. Greene and Browning, inmates at ESP, also filed motions to intervene. The district court granted those motions.

On cross-motions for summary judgment, the district court ruled in favor of the NDOC, holding that it had the right to declare typewriters unauthorized property and that the ban is constitutional. Greene and Browning appealed. Downs filed post-judgment motions. He then withdrew the motions and filed the instant appeal. This court consolidated the appeals.

## II.   Jurisdiction

As the district court's ruling on summary judgment constituted a final decision, we have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.   Standards of Review

We review de novo the district court's grant of summary judgment. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). The decision to grant or deny declaratory

relief is reviewed de novo. *Ablang v. Reno*, 52 F.3d 801, 803 (9th Cir. 1995). "The district court's exclusion of evidence in a summary judgment motion is reviewed for an abuse of discretion." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). "[W]e must affirm the district court unless its evidentiary ruling was manifestly erroneous and prejudicial." *Id.* We review for abuse of discretion a district court's decision not to permit further discovery. *Ashton-Tate v. Ross*, 916 F.2d 516, 519 (9th Cir. 1990).

## IV.   Analysis

Although we consolidated the appeals, appellants have briefed the issues separately. We address each appeal separately as well.

### A.   Greene and Browning Appeal

**[1]** Greene and Browning argue that the typewriter ban was enacted with unconstitutional motive and in retaliation for inmate lawsuits over prison conditions. A viable claim for retaliation requires, in part, that an inmate demonstrate that the prison officials' adverse action does not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Institutional security is a legitimate correctional goal. *Morrison v. Hall*, 261 F.3d 896, 907 (9th Cir. 2001). This case does not present a factual issue concerning whether the ban reasonably advances a legitimate correctional goal. The undisputed evidence shows that the ban was enacted after the murder of an inmate with a weapon fashioned from the roller pin of a typewriter. No rational finder of fact could determine that the ban on typewriters does not reasonably advance the legitimate correctional goal of institutional safety.

**[2]** Greene and Browning's claim that the ban is unconstitutional because it denies them access to the Nevada Supreme Court fails for lack of actual injury. To establish a violation

of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (internal quotation marks omitted). Here, the inmates do not show how the Nevada Supreme Court's technical rule, which ostensibly requires typewritten briefs, has frustrated a claim. Indeed, for all we know, the inmates may have had no claims to bring to the Nevada Supreme Court, or may have had access to a common typewriter for preparing legal papers, or may have had a waiver of the rule, permitting them to file handwritten briefs. In light of the inmates' failure to meet this jurisdictional showing, we decline to comment on the constitutionality of the ban with respect to the inmates' access to courts.

**[3]** We also conclude that the district court did not abuse its discretion in admitting the affidavits of NDOC officials. At summary judgment, "a party does not necessarily have to produce evidence in a form that would be admissible at trial." *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001). Although Greene and Browning argue that the affidavits contain hearsay, their argument is directed more at the affiants' lack of foundation. They presume that each NDOC affiant lacks personal knowledge and, as a result, necessarily relied on the statements of another to make their declarations. Unfounded speculation as to an affiant's alleged lack of personal knowledge of the events in his affidavit does not render it inadmissible. Thus, the district court did not err in denying the inmates' motion to strike.

## B.  Downs Appeal

**[4]** Downs argues that the ban was enacted in violation of his rights under the Due Process Clause of the Fourteenth Amendment. As the district court granted summary judgment

on this claim, we review de novo. *See Oswalt*, 642 F.3d at 859. The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). Property interests are created by state law. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Nevada recognizes "personal property," which includes "money, goods, [and] chattels." *See* Nev. Rev. Stat. §§ 10.045, 10.065. As Downs's typewriter constituted a chattel, Downs had a property interest in it.

**[5]** An agency, such as the NDOC, violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property "[w]ithout underlying [statutory] authority and competent procedural protections." *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003). Nevada law provides for the regulation of personal property of offenders. Nev. Rev. Stat. § 209.239. The statute grants authority to the NDOC to create policies by which to regulate inmates' property. Implicit in the regulation of inmate property is the authority to define what an inmate can and cannot possess. In any event, when the NDOC prohibited inmates from possessing typewriters inside its institutions, that is all it did. The typewriters were not forfeited to the state; rather, inmates were allowed to send them home or make certain other dispositions of them.

**[6]** Here, prison officials enacted a system-wide ban with no exceptions. While Downs was not offered an individual pre-deprivation hearing, he was notified of the change in the regulation and given an adequate opportunity to comply with it. With respect to the personal property of prisoners, that is all the process that is due. *See generally, Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). As the NDOC's enactment fell within its statutory

authority, we conclude that there was no violation of due process.

Downs also argues that the district court ruled on summary judgment "prematurely." We liberally read his argument to mean that the district court erred in not permitting adequate discovery. We review for abuse of discretion a district court's decision not to permit further discovery. *See Ashton-Tate*, 916 F.2d at 519. Although Downs was not afforded an opportunity to conduct discovery prior to the court's ruling on summary judgment, the district court subsequently stayed its order and allowed Downs ninety days to conduct discovery. He did not do so, choosing rather to withdraw his motions and file the instant appeal. Because Downs failed to diligently pursue his opportunity to conduct discovery, we find no abuse of the district court's discretion. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Downs fails to support any of his remaining issues with argument. Accordingly, we deem them waived. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (issues not argued are deemed abandoned).

## V.   Conclusion

**[7]** We hold that the NDOC's prohibition on inmate possession of typewriters does not unconstitutionally infringe upon the rights of the appellants. The ban was enacted to reasonably advance a legitimate correctional goal of institutional safety. As applied to these inmates, it does not result in an unconstitutional denial of access to courts because they have failed to demonstrate actual injury. The district court did not abuse its discretion in either admitting the NDOC's affidavits or ruling on summary judgment when it did.

**AFFIRMED.**