**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD LYLE STRATTON, | No. 10-35656 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05571-RJB-KLS |
| v. | |
| JULIE BUCK, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington at Tacoma
Robert J. Bryan, District Judge, Presiding

Argued and Submitted June 8, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

Plaintiff Donald Lyle Stratton ("Stratton") appeals from the judgment in

favor of Defendant Julie Buck, M.D. ("Dr. Buck") entered pursuant to the order

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Leslie E. Kobayashi, United States District Judge for the
District of Hawaii, sitting by designation.

granting summary judgment in favor of Dr. Buck.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo.  *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012).  We review the district court's findings of fact for clear error, and we review the district court's conclusions of law de novo.  *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011).  We review for an abuse of discretion the district court's decision not to permit further discovery to oppose a motion for summary judgment. *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1823 (2012).

First, Stratton argues that the district judge erred in granting summary judgment to Dr. Buck because Stratton did not receive the notice described in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), when Dr. Buck filed her motion for summary judgment.  Stratton did receive the magistrate judge's Pretrial Scheduling Order, filed January 13, 2010, which contained a section entitled "MOTIONS" and which quoted the model notice appended to *Rand*.  This Court, however, has recently held that *Rand* notices "must be served concurrently with . . .

---

[1] Stratton also appeals from the judgment in favor of Defendant Dale Brown ("Brown") entered pursuant to the order granting Brown's motion to dismiss.  That portion of Stratton's appeal is addressed in a separate Opinion filed concurrently with the instant Memorandum.

2

motions for summary judgment so that pro se prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions." *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). Thus, in the instant case, the magistrate judge's Pretrial Scheduling Order did not provide Stratton with the notice required by *Rand* and *Woods*.

*Woods* also recognized that "[t]he failure to provide adequate *Rand* notice is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail." *Id.* at 941 (citing *Rand*, 154 F.3d at 962 n.9). In ruling on Dr. Buck's motion for summary judgment, the district judge considered Dr. Buck's declaration, which stated, *inter alia*, that: when Dr. Buck treated Stratton, she was practicing in the hospital as an independent contractor; neither the hospital nor the state was her employer; and she did not act at the request of, at the direction of, or in coordination with the state. At the oral argument before this court, Stratton's counsel admitted that the district judge had all of the relevant facts on the state actor issue when he ruled on Dr. Buck's motion for summary judgment. Based on Dr. Buck's declaration and Stratton's admission during oral argument, it is clear from the record that there are no facts that would permit the inmate to prevail. *See* discussion *infra* affirming the district judge's conclusion that Dr. Buck was not a state actor. We therefore hold that the failure

3

to give the *Rand* notice contemporaneously with the filing of Dr. Buck's motion for summary judgment was harmless under the facts of this case.

Second, Stratton contends that the district judge abused his discretion when he denied Stratton's request to conduct discovery to respond to Dr. Buck's motion for summary judgment. In his objections to the magistrate judge's Report and Recommendation to grant Dr. Buck's motion for summary judgment, Stratton argued that he could not properly oppose Dr. Buck's motion because Dr. Buck had not responded to his discovery requests. Dr. Buck's counsel attached the responses to a declaration filed after Stratton filed his objections. Dr. Buck's responses were consistent with the declaration that she submitted with her motion for summary judgment, and Stratton did not seek leave to supplement his objections in light of Dr. Buck's discovery responses. Moreover, Stratton failed to identify either specific relevant information in Dr. Buck's responses that would have supported Stratton's opposition to Dr. Buck's motion for summary judgment or specific information indicating that further discovery would lead to relevant evidence supporting Stratton's opposition. We therefore hold that the district judge's denial of Stratton's request to conduct discovery to respond to Dr. Buck's motion for summary judgment was not an abuse of discretion.

Finally, Stratton argues that the district judge erred in concluding that

4

Dr. Buck was not acting under color of state law when she treated him. Generally, private conduct is not considered government action unless "'something more'" is present. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). "Courts have used four different factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Id.* at 835-36 (some citations omitted) (citing *Lugar*, 457 U.S. at 939). Dr. Buck relies on the statements in her declaration, and she also argues that, under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, she could not choose whether or not to provide treatment to Stratton. Stratton did not present any evidence to contest this and, as previously stated, he did not identify any further discovery that he could have done to respond to Dr. Buck's motion for summary judgment. Thus, under the facts of this case, neither the joint action test, the governmental compulsion or coercion test, nor the governmental nexus test applies. Further, there is no Ninth Circuit case law holding that emergency medical care is a traditionally and exclusively governmental function. We therefore affirm the district judge's conclusion that Dr. Buck's treatment of Stratton did not constitute state action, and we affirm the district judge's grant of summary judgment in favor of Dr. Buck.

5

Accordingly, we **AFFIRM** the judgment in favor of Dr. Buck.

In this case, there is a mixed judgment, where each side has won something and lost something, the parties are therefore ordered to bear their own costs on appeal. <u>Exxon Valdez v. Exxon Mobil</u>, 568 F.3d 1077, 1081 (9th Cir. 2009).