NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM LYONS,

Plaintiff - Appellant,

v.

HOWARD SKOLNIK,

Defendant - Appellee.

No. 09-15359

D.C. No. 3:08-cv-00339-LRH-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

William Lyons, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action challenging a ban on the

personal possession of typewriters by inmates in the custody of the Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Department of Corrections ("NDOC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Lyons's First Amendment claim because the NDOC ban on typewriters was enacted to reasonably advance a legitimate correctional goal of institutional safety. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests"); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (concluding that the NDOC typewriter ban did not infringe upon inmate First Amendment rights because it was reasonably related to legitimate penological interests).

Dismissal of Lyons's Americans with Disabilities Act ("ADA") claim was proper because the NDOC ban on typewriters was enacted to reasonably advance a legitimate correctional goal. *See Pierce v. County of Orange*, 526 F.3d 1190, 1216-17 (9th Cir. 2008) (rights guaranteed under the ADA must be analyzed under *Turner* factors).

The district court properly dismissed Lyons's Fourteenth Amendment claim because Lyons failed to allege facts sufficient to show a due process violation. *See Nev. Dep't of Corr.*, 648 F.3d at 1019 (NDOC notified inmates of the change in regulations and gave adequate opportunity to comply, and this "is all the process that is due").

Dismissal of Lyons's Eighth Amendment claim was proper because Lyons failed to allege that defendant had a sufficiently culpable state of mind. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (elements of an Eighth Amendment claim).

Dismissal of Lyons's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim was proper because Lyons failed to allege that the typewriter ban placed "a substantial burden" on his religious exercise. 42 U.S.C. § 2000cc(a)(1)(A)-(B).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**