

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN R. SCHRUBB, Sr., <br><br>                  Plaintiff - Appellant, <br><br>   v. <br><br> JAMES E. TILTON, Secretary of CDCR; ROBERT A. HOREL, Warden, Pelican Bay State Prison; M.D. YOX, Associate Warden, Pelican Bay State Prison; C. E. DUCART, Correctional Officer; A. SPALDING, Correctional Officer, <br><br>                  Defendants - Appellees. | No. 10-15927 <br><br> D.C. No. 3:08-cv-02986-TEH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted April 19, 2013
San Francisco, California

Before: NOONAN, O'SCANNLAIN and N.R. SMITH, Circuit Judges.

1. Assuming Schrubb had a protected property interest in the children's books,

we find no procedural due process violation where the prison gave Schrubb ample

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

notice of the prison's mail out policy, which is apparently applied to both unauthorized and unwanted property. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). The prison also gave Schrubb plenty of opportunity to comply with that policy, allowing ample time for Schrubb to raise funds to pay for shipment of the books. *Id.*

2. We do not reach Schrubb's substantive due process claim as he failed to raise this claim in the district court and cannot raise it for the first time on appeal. *See Spurlock v. FBI*, 69 F.3d 1010, 1017 (9th Cir. 1995).

3. There was no equal protection violation. The prison demonstrated a "valid, rational connection" between (1) the requirement of using a common carrier (i.e., requiring a tracking number) for shipment of all packages and the legitimate government interest of defeating potential claims that a package was never received; and (2) the policy that Receiving and Release will hold prisoner property for only a limited amount of time and the legitimate government interests of avoiding the financial burden of effectively maintaining a prisoner storage facility. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

4. Schrubb initiated two grievances with respect to his cap and shorts: (1) a grievance regarding the prison's mail out policy as applied to the cap and shorts, and (2) a grievance regarding the destruction of the cap and shorts. It was an abuse

of discretion for the district court to treat these grievances as one when analyzing whether Schrubb exhausted the property destruction grievance. Indeed, at oral argument on appeal, the prison conceded that these grievances constitute two separate claims. The prison carries the burden of proof to show nonexhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). While the notice of property destruction purports to notify Shrubb that his property was destroyed on March 19, 2007, there is no evidence that Schrubb received this notice. Schrubb's September 5, 2007 letter suggests to the contrary where he wrote to inquire about whether the destruction had occurred. Even if the mail out claim was unexhausted, on remand the district court should determine whether the property destruction grievance was exhausted or subject to improper screening.

Each party shall bear its own costs.

**AFFIRMED in part; REVERSED and REMANDED in part.**