FILED

OCT 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY, | No. 10-36156 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03097-LRS |
| v. | |
| JANET A. NAPOLITANO, Secretary of the United States Department of Homeland Security; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 26, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Plaintiff Muhammad Zahid Chaudhry sought review of the USCIS's denial

of his application for naturalization based on his active-duty service in the United

States armed forces. *See* 8 U.S.C. § 1440(a). The district court granted summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

judgment in favor of the Government, concluding that Chaudhry could not demonstrate the requisite "good moral character," 8 C.F.R. § 329.2(d), to be eligible for naturalization because he had given false testimony to obtain immigration benefits, 8 U.S.C. § 1101(f)(6). Reviewing de novo, we affirm. *See, e.g.*, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) ("We review de novo the district court's grant of summary judgment.").

1. Chaudhry failed to establish a "genuine issue of material fact" regarding whether he gave false statements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Drawing all inferences in favor of Chaudhry, we conclude that a reasonable factfinder would have insufficient evidence to find that Chaudhry lacked a "subjective intent to deceive." *United States v. Hovsepian*, 422 F.3d 883, 887 (9th Cir. 2005); *see Anderson*, 477 U.S. at 249-50 ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)). It was Chaudhry's burden to prove by clear and convincing evidence that he was eligible for naturalization, *Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967), but the evidence in the record did not meet that burden of proof. *See Anderson*, 477 U.S. at 252 ("[T]he inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates

2

the substantive evidentiary standard of proof that would apply at the trial on the merits.").

**2.** It was not improper for the district court to consider the events that were the subject of the false testimony at issue, even though those events occurred outside the statutory period.

**AFFIRMED.**