**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE BONILLA, | No. 13-57139 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01274-GPC-WMC |
| v. | |
| MICHAEL A. SMELOSKY, Former Warden at CEN; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted February 17, 2015**

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jose Bonilla, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and

equal protection violations in connection with gang validation proceedings.  We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *San Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (dismissal based on issue preclusion); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim).  We affirm.

The district court properly dismissed Bonilla's due process claims because the issue of whether the evidence used to validate Bonilla's gang association was insufficient or unreliable was actually litigated and decided as a critical part of the judgment in Bonilla's prior state court action.  *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (elements of issue preclusion under California law); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346-47 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").  We reject Bonilla's contention that he did not receive a full and fair opportunity to litigate in state court the issues raised by his due process claims, and his arguments regarding the statements in defendants' discovery responses.

The district court properly dismissed Bonilla's equal protection claim

because he failed to allege facts sufficient to show intentional discrimination based on race or national origin. *See Lee*, 250 F.3d at 686 (a § 1983 equal protection claim requires showing "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

Because Bonilla did not present any discernible arguments in his opening brief regarding the denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b), we deem the issue waived. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (pro se appellant waived issues not supported by argument in brief).

**AFFIRMED.**