**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA CHYBA, | No. 14-55670 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01721-BEN-WVG |
| v. | |
| FIRST FINANCIAL ASSET MANAGEMENT, INC., AKA FFAM, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Pamela Chyba appeals pro se from the district court's summary judgment in

her action alleging federal and state law claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *T.W. Elec. Serv., Inc.*, *v. Pac. Elec.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir. 1987). We may affirm on any basis supported by the record. *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Chyba's Telephone Consumer Protection Act ("TCPA") claim because Chyba failed to raise a genuine dispute of material fact as to whether she provided prior express consent to Enterprise, for whom First Financial Asset Management ("FFAM") was acting as a third party collector. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting use of an automatic telephone dialing system or an artificial or prerecorded voice to make a call to a cellular phone without prior express consent); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009) (noting that Congress delegated the Federal Communications Commission ("FCC") with the authority to make rules and regulations to implement the TCPA and affording deference to the FCC for its interpration of TCPA provisions); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 564-65 ¶¶ 9-10 (2008) ("[T]he provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. . . . Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself

placed the call.").

The district court properly granted summary judgment on Chyba's California Fair Debt Collection Practices Act claim because Chyba failed to raise a genuine dispute of material fact as to whether FFAM violated any provision of the federal Fair Debt Collection Practices Act. *See* Cal. Civ. Code § 1788.17 (incorporating by reference the prohibitions in the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b-1692j); *see also* 15 U.S.C. § 1692d(5) (prohibiting a debt collector from ringing a telephone or engaging in a telephone conversation "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number"); *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("[T]he nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion in admitting the FFAM Director of Compliance's declaration. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018-19 (9th Cir. 2011) (setting forth standard of review and holding that "[u]nfounded speculation as to an affiant's alleged lack of personal knowledge of the events in his affidavit does not render it inadmissible").

We reject as without merit Chyba's contention that the district court erred by

failing to hold an evidentiary hearing.

**AFFIRMED.**