**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERALDO ORTEGA; MICHAEL D.
PATTON, individually and on behalf of
themselves, all others similarly situated,
and the general public,

Plaintiffs-Appellants,

v.

J. B. HUNT TRANSPORT, INC., an
Arkansas corporation,

Defendant-Appellee.

No.    14-56034

D.C. No.
2:07-cv-08336-BRO-SH

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted April 4, 2017
Pasadena, California

Before:  WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,**
District Judge.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

Appellants Gerardo Ortega and Michael Patton (together, "Plaintiffs") filed a class action against Appellee J.B. Hunt Transport, Inc. ("J.B. Hunt"), alleging that J.B. Hunt's compensation system violated California's minimum wage, meal break, and rest break laws. The district court found that the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501 *et seq.*, preempted Plaintiffs' claims. The district court granted J.B. Hunt's motion for judgment on the pleadings regarding Plaintiffs' meal and rest break claims, and then granted J.B. Hunt's motion for summary judgment on Plaintiffs' minimum wage claims. The district court determined that these laws significantly impacted J.B. Hunt's prices, routes, and services, and thus were preempted by the FAAAA. Ortega appealed these decisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

1. "A district court's decision regarding preemption is reviewed de novo." *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1186 (9th Cir. 1998). A "district court's grant of summary judgment" is also reviewed de novo, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), as is a decision granting judgment on the pleadings under Federal Rule of Civil Procedure 12(c), *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005).

2.      While this case was pending on appeal, we decided *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014).  There, we found that California's meal and rest break laws are not "related to" prices, routes, or services, and therefore are not as a matter of law preempted by the FAAAA.  *Id.* at 647–48 & n.2.  The district court did not have the benefit of our decision in *Dilts*, and that decision compels the conclusion that the district court erred in granting J.B. Hunt's motion for judgment on the pleadings on Plaintiffs' meal and rest break claims.

3.      The district court similarly erred in granting summary judgment in J.B. Hunt's favor on Plaintiffs' minimum wage claims.  In *Mendonca*, we held that that "[w]hile [California's prevailing wage law] in a certain sense is 'related to' [the plaintiff's] prices, routes and services, . . . the effect is no more than indirect, remote, and tenuous."  152 F.3d at 1189.  In *Dilts*, we reiterated that the FAAAA does not preempt state wage laws, even if those laws differ from state to state and motor carriers must take these into account.  769 F.3d at 647–48.

**VACATED AND REMANDED.**