NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FREE,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>NADER PEIKAR, Facility Doctor at USP Atwater; et al.,<br><br>                Defendants-Appellees. | No. 18-17226<br><br>D.C. No. 1:17-cv-00159-AWI-JLT<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Former federal prisoner Paul Free appeals pro se from the district court's

summary judgment in his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Free failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (describing the limited circumstances under which administrative remedies are unavailable and exhaustion is excused); *Booth v. Churner*, 532 U.S. 731, 738-41 (2001) (inmate seeking money damages not offered through administrative grievance mechanisms must still complete the grievance process); *see also Albino*, 747 F.3d at 1171 (explaining that "if feasible, disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation").

The district court did not abuse its discretion in denying Free's request to subpoena prison witnesses because Free has not demonstrated prejudice as a result of the district court's ruling. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (setting forth the standard of review and explaining that the district court's evidentiary ruling will be upheld unless it was "manifestly erroneous and prejudicial" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Free's alternate contention that he was excused from exhaustion based on the prison's responses to the pre-November

2015 grievances.

Free's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**