NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ECKARD, AKA Gabriel Allen Eckard, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHARLES MITCHELL, Classification Counselor; et al., <br><br> Defendants-Appellees. | No. 19-36010 <br><br> D.C. No. 2:18-cv-01810-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations while he was a pretrial detainee.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment because Eckard failed to raise a genuine dispute of material fact as to whether his placement in maximum security housing was not reasonably related to the jail's legitimate objectives of maintaining safety and security.  *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." (citations and internal quotation marks omitted)). To the extent that Eckard contends he was retained in maximum security housing without due process, we reject this contention as unsupported by the record.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (inmates in administrative segregation are entitled to due process protections consisting of periodic review, notice of hearings, and an opportunity to be heard), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

The district court did not abuse its discretion in denying Eckard's motion to amend the judgment under Federal Rule of Civil Procedure 59(e) because Eckard failed to demonstrate any basis for relief.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing

19-36010

factors for granting a motion for reconsideration under Rule 59(e)).

**AFFIRMED.**