**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT A. CALLENDER, | No.    20-16251 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00694-JAM-AC |
| v. | |
| J. RAMM, Correctional Officer; SISNEROZ, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| GUZMAN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Vincent Callender appeals the district court's grant of summary judgment to defendant correctional officers J. Ramm and M. Sisneroz on his 42 U.S.C. § 1983 court-access claim and derivative conspiracy claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Because the parties are familiar with the history of this case, we need not recount it here.

Incarcerated people have a First Amendment right of access to the courts, but that right is limited to claims "attack[ing] their sentences, directly or collaterally," or "challeng[ing] the conditions of their confinement." *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1160 (9th Cir. 2003) (quoting *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)). To prevail on a right-of-access claim, an incarcerated person must show "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis*, 518 U.S. at 348). He "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost through "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3).

The district court correctly concluded that there was no genuine dispute of material fact as to prejudice from the officers' alleged destruction of Callender's legal materials. *See Devereaux*, 263 F.3d at 1076. Of Callender's then-pending claims, he had a First Amendment right to prosecute only his federal habeas case. *See Lewis*, 518 U.S. at 354-55. When Callender's legal materials were destroyed, the district court had already dismissed that case with prejudice and denied a certificate of appealability (COA).[1] Callender had already applied for a COA in this court, which was later denied.[2] Callender's loss of his legal materials therefore did not impede his pursuit of his habeas petition. Nor has Callender alleged interference with any contemplated future claim with sufficient specificity to give fair notice to the defendants. *See Christopher v. Harbury*, 536 U.S. at 415-16.

**AFFIRMED**.

---

[1] The defendants' request for judicial notice of the magistrate judge's Final Report and Recommendation, the district court's dismissal order, and the district court's judgment in Callender's federal habeas case is granted.

[2] Callender does not allege that the destruction of his legal materials impeded him from moving for reconsideration of the COA denial under Fed. R. App. P. 22-1(d).