**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN A. JEREMIAH, | No. 21-35958 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01612-MK |
| v. | |
| MARK NOOTH, Superintendent, SRCI; BRAD CAIN, Superintendent SRCI; RODNEY MCNITT, SRCI; DONALD WHITLEY, SRCI; COLETTE S. PETERS, Director of O.D.O.C.; JASON G. BELL, SRCI; TAMARA GREINER, SRCI; CASEY CLEAVER, SRCI; INSPECTOR GENERAL, or representative thereof; JAMIE PARKS, SRCI; LEON STILLS, SRCI; DOE, John/Jane; whomever makes decisions on blocking Telmate messages; TELMATE, a U.S. Corporation acting under the color of state law; DOE, John/Jane; whomever is responsible for banning legally purchased condiments in claim 9, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted February 9, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Brian Jeremiah, an Oregon state inmate, appeals from the district court's judgment entered in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015), and affirm.

The district court did not abuse its discretion by extending the dispositive motion deadline when it extended the discovery deadline. The court had "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Summary judgment was proper on the First Amendment freedom of religion claim. Plaintiff failed to offer evidence to establish that the inability to bring a pen to religious class or that the later disciplinary actions for disobeying orders coerced him to act contrary to or violate his religious beliefs. *See Jones*, 791 F.3d at 1031-32 (setting forth the substantial burden standard).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on the remaining retaliation claims.[1] Plaintiff did not offer evidence to establish that the contraband rules or the requirement that he follow the Inmate Security Handbook and officers' orders did not advance legitimate correctional goals. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting forth the standard); *Nev. Dept. of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (noting that "[i]nstitutional security is a legitimate correctional goal").

Summary judgment was proper on the equal protection claim because plaintiff failed to identify any similarly situated inmate who was allowed to bring a pen to religious class before the policy changed in 2016. *See Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (setting forth the standard).

Summary judgment was proper on the due process property claim because Oregon provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "unauthorized intentional deprivation of property by a state employee" does not amount to a due process violation when a post-deprivation state remedy is available); Or. Rev. Stat. § 30.260 et seq. (Oregon Tort Claims Act).

---

[1]The district court denied summary judgment for one retaliation claim because the parties disputed a material fact. The disputed claim was settled by the parties. We do not consider that retaliation claim.

The district court properly granted summary judgment on the claim alleging that the contraband regulation was impermissibly vague. Plaintiff failed to establish that the regulation was "impermissibly vague in all its applications," particularly in the context of his own sanctions. *Castro v. Terhune*, 712 F.3d 1304, 1310-11 (9th Cir. 2013). Relevant to plaintiff, the regulation clearly defined contraband as any "[a]ny article or thing which an inmate is not specifically authorized to obtain or possess." Or. Admin. R. 291-105-0010(6) (2011). An ordinary inmate would understand that items were contraband, unless they were specifically allowed. Moreover, before he was sanctioned, plaintiff was repeatedly advised that the Security Inmate Handbook controlled, did not allow him to carry a pen to religious class, and that he should follow that handbook until the rule changed.

Summary judgment was proper on the freedom of speech claim related to the third-party Telmate messaging system. Plaintiff did not offer any evidence to establish that any named defendant rejected or blocked any messages. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (to establish § 1983 causation, a plaintiff must prove "that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur").

The district court properly granted summary judgment on the conditions of confinement claim because plaintiff failed to establish that any named defendant acted with deliberate indifference to his serious needs. *Foster v. Runnels*, 554 F.3d 807, 812, 814 (9th Cir. 2009) (setting forth the standard for deliberate indifference for conditions of confinement claims).

Plaintiff's motion to supplement the record (Dkt. Entry No. 23) is DENIED because the evidence was never presented to the district court.

**AFFIRMED.**