NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BBK TOBACCO & FOODS LLP, DBA HBI International, an Arizona limited liability partnership, | Nos. 22-16190 22-16281 |
| Plaintiff-counter-defendant-Appellant / Cross-Appellee, | D.C. No. 2:19-cv-05216-MTL |
| v. | MEMORANDUM |
| CENTRAL COAST AGRICULTURE, INC., a Delaware corporation, | |
| Defendant-counter-claimant-Appellee / Cross-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted September 15, 2023
Arizona State University

Before:  HURWITZ, BUMATAY, and DESAI, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BUMATAY.

BBK Tobacco & Foods LLP ("BBK") distributes and sells "RAW" branded

smoking accessories. It alleges that Central Coast Agriculture, Inc. ("CCA")

infringed on its "RAW" mark by selling cannabis products with the mark "Raw

Garden." BBK's operative complaint alleged seven claims: trademark infringement,

false designation of origin, and anti-cybersquatting under the Lanham Act; trademark infringement and unfair competition under Arizona common law; a petition to void several CCA trademark applications due to a lack of bona fide intent to use the relevant trademark in commerce in violation of the Lanham Act; and false advertising under the Lanham Act. CCA counterclaimed, seeking to cancel several BBK trademark registrations for fraud and unlawful use.

The district court dismissed BBK's false advertising claim and granted summary judgment on every remaining claim. The district court granted summary judgment in favor of CCA on BBK's trademark and unfair competition claims, holding that there is no likelihood of confusion between BBK's "RAW" branded rolling papers and smoking accessories and CCA's "Raw Garden" cannabis products. The district court granted summary judgment in favor of BBK on (1) BBK's claim to void several of CCA's trademark applications;[1] and (2) CCA's counterclaim to cancel BBK's trademark registrations for unlawful use. Both parties appealed.

We review a grant of summary judgment de novo. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). Evidentiary rulings are reviewed for abuse of discretion, and we reverse only if the exercise of discretion is both erroneous and

---

[1] In a separately filed opinion, we affirm the district court's grant of summary judgment in favor of BBK on its claim to cancel several of CCA's trademark applications.

prejudicial. *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). Underlying factual determinations are reviewed for clear error. *United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir. 2012). We affirm in part and reverse in part.

1.    To determine whether there is a likelihood of confusion, we consider the eight non-exhaustive *Sleekcraft* factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003).

At minimum, BBK raised material issues of fact regarding the strength of the marks, relatedness of the goods, marketing channels, likelihood of expansion, degree of consumer care, and intent to confuse. The strength of BBK's mark may also affect the importance of any dissimilarities between the marks. *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1145 n.9 (9th Cir. 2002) ("[I]f the trademark holder's mark were strong, the fact that a consumer would likely notice the difference between two marks might not suffice for a finding that the marks are dissimilar."). We have cautioned that "district courts should grant summary judgment motions regarding

3

the likelihood of confusion sparingly," *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1039 (9th Cir. 2010) (quoting *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901–02 (9th Cir. 2002)), and that "[g]ranting summary judgment in cases in which a majority of the *Sleekcraft* factors could tip in either direction is inconsistent with that principle." *Id.* The evidence supporting most of these factors is evenly matched or tips only slightly in favor of either party. We therefore reverse the district court's grant of summary judgment on BBK's trademark claims.[2]

2.      The district court did not abuse its discretion by admitting confusion evidence from CCA's experts, Dr. Tulin Erdem and Dr. Elizabeth Honka. BBK's objections to specific questions in the survey go to the weight of the evidence, not its admissibility. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 840 (9th Cir. 2001) ("In considering what weight to give a survey, the court may consider a variety of factors, including survey design, nature of the questions asked, and the experience and reputation of the surveyor."). The district court also did not clearly err when it found that, although CCA's counsel had input, they did not fully design or implement the survey.

---

[2]      We take judicial notice of BBK's trademark application for the mark "RAW BLACK" but do not rely on the truth of the contents of the application to establish likelihood of confusion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

3. The district court granted summary judgment on BBK's cybersquatting claim on the same likelihood of confusion analysis it applied to BBK's trademark claims. Because we reverse the district court's summary judgment on BBK's trademark claims, we also reverse on BBK's cybersquatting claim. We have also found the *Sleekcraft* factors a "poor fit" for the cybersquatting confusion analysis "because they are designed to address a different social harm than the cybersquatting statute." *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1222 n.28 (9th Cir. 2010) (instead considering whether the marks were similar and if there was evidence of customer confusion). We thus remand to the district court to conduct this separate analysis in the first instance.

4. CCA's unlawful use counterclaim seeks to void BBK's trademark registrations by claiming its products are unlawful drug paraphernalia. *See AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 689 (9th Cir. 2022) ("[O]nly lawful use in commerce can give rise to trademark priority." (cleaned up)). The Controlled Substances Act defines "drug paraphernalia" to include products designed to aid in preparing or inhaling a controlled substance. 21 U.S.C. § 863(d). But it also exempts "any item that, in the normal lawful course of business, is . . . traditionally intended for use with tobacco products, including any pipe, paper, or accessory." *Id.* § 863(f)(2).

BBK's goods, which include rolling papers and other smoking accessories

5

such as rolling trays, cigarette tubes, rolling machines, and shredders and grinders, fall under the tobacco exception. Although CCA presents evidence that BBK advertises its products for use with cannabis, BBK's intent is irrelevant to the applicability of the exception. *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 520–21 (1994) ("An item's 'traditional' use is not based on the subjective intent of a particular defendant.").[3] We thus affirm the summary judgment on CCA's counterclaim for BBK.

We reverse the district court's summary judgment on Counts I-V, affirm summary judgment on Counterclaim I, and remand to the district court for consideration of any remaining issues consistent with this disposition.

BBK's motion for judicial notice (Dkt. 23) is **GRANTED.**

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[4]

---

[3] The district court did not abuse its discretion by excluding Police Chief Thomas Tiderington's expert opinion about whether BBK's products are illegal drug paraphernalia because he had no expertise about the tobacco exception.

[4] Each party will bear its own costs on appeal.


*BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, No. 22-16190, 22-16281
BUMATAY, Circuit Judge, concurring in part and dissenting in part:

I join the memorandum disposition in (1) finding that the district court's evidentiary rulings on the expert witnesses were not an abuse of discretion; (2) affirming the grant of summary judgment for BBK Tobacco & Foods ("BBK") on Central Coast Agriculture's ("CCA") unlawful use counterclaim; (3) reversing the grant of summary judgment on BBK's cybersquatting claim;[1] and (4) granting BBK's motion for judicial notice.

But I would affirm the district court's grant of summary judgment against BBK on its trademark infringement and unfair competition claims.

1.      The district court properly granted summary judgment on BBK's trademark infringement claims. "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Brookfield Commc'ns., Inc. v. W. Coast Entm't. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999) (simplified). Similarity of the marks "will always be important" in assessing likelihood of confusion. *Id.* at 1054.

---

[1] I join only to the extent that the district court failed to provide specific reasons for granting summary judgment on the cybersquatting claim. I take no position on whether summary judgment may be appropriate under the proper legal framework for 15 U.S.C. § 1125(d) claims.

1

Here, the lack of similarity of the marks is dispositive. Take a look at the two marks at issue—





The two marks look nothing alike. With the exception of one word—"RAW"—being used in both BBK's and CCA's marks, the colors, background, font type, images, and descriptors are all completely different. And the same goes for their packaging—

  

As the old saying goes, a picture is worth a thousand words. So while one word is the same, here, we have two very different pictures. So there can be no consumer mistake because the marks are, quite simply, not similar. Because there is no likelihood of consumer confusion, our inquiry should be complete. *See Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1080–81 (9th Cir. 2020) (affirming grant of summary judgment on likelihood of confusion when "no reasonable consumer would be confused by these two products because the packaging, size,

color, shape, and all other attributes—other than the term 'EYE DEW'—are not remotely similar").

Of course, the district court went further. It also held that, "[g]iven the obvious and significant differences between the parties' marks, the absence of actual confusion, and the low net confusion rates generated by the parties' surveys," no reasonable juror could find for BBK on the likelihood of confusion issue.

I would thus affirm the grant of summary judgment on BBK's trademark infringement and unfair competition claims.

For these reasons, I respectfully dissent from the majority's reversal of the grant of summary judgment on BBK's trademark and unfair competition claims.