**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CINDY SARAI VILLATORO-RAMOS,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-3595<br><br>Agency No.<br>A220-194-324<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Cindy Sarai Villatoro-Ramos, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of Petitioner's application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Petitioner has forfeited any challenge to the agency's denial of asylum and withholding of removal by failing to meaningfully develop any arguments to rebut the agency's conclusions. Petitioner's opening brief merely asserts, in conclusory fashion and with no supporting analysis, that her proposed particularized social groups were cognizable and had a nexus to the harm she suffered. Because Petitioner fails to raise arguments in support of her requests for asylum and withholding of removal, we deem those challenges forfeited. Fed. R. App. P. 28(a)(8)(A) (requiring briefs to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1017, 1020 (9th Cir. 2011) (deeming issues not supported by argument in pro se appellant's opening brief to be waived); *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (deeming forfeited an argument that was not "coherently develop[ed]" (citation omitted)).

2. Petitioner's fear of unrelated violence by Guatemalan criminals was not raised below. So, to the extent that Petitioner seeks to develop a separate argument on that basis, we will not consider it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (explaining that a petitioner's failure to exhaust an argument

2                                                                                          25-3595

before the BIA, when invoked by the government, precludes further consideration of the argument).

3. Petitioner has forfeited her request for CAT relief by failing to raise the issue on appeal. Petitioner's brief before this court references CAT relief only when describing her initial application. Because Petitioner raises no arguments to rebut the agency's denial of CAT relief, we deem the issue forfeited. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) ("[A]rguments … omitted from the opening brief are usually deemed forfeited." (citation and internal quotation marks omitted)); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

**PETITION DENIED.**[1]

---

[1] Petitioner's opposed motion to stay removal pending appeal (Dkt. No. 2) is denied.

25-3595