**Rodolfo R. MIRAMONTES, Jr., Plaintiff–Appellant,**

v.

**Herbe DEL CRUZ, Officer; et al., Defendants–Appellees.**

**No. 10–17510**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 3, 2017

Rodolfo R. Miramontes, Jr., Susanville, CA, pro se.

David Michael Rollo, Esquire, Deputy County Counsel, Santa Clara County Counsel's Office, San Jose, CA, for Defendants–Appellees.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Rudolfo R. Miramontes, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations arising out of his placement in protective custody at the Santa Clara County Jail while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Miramontes' due process claim because Miramontes failed to establish a genuine dispute of material fact as to whether his placement in protective custody was not reasonably related to the jail's legitimate objectives of maintaining safety and security. *See Bell v. Wolfish*, 441 U.S. 520, 538-39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials ... if a particular condition or restriction of pretrial de-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**540**

tention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." (citations and internal quotation marks omitted)). Summary judgment on this claim was also proper because Miramontes failed to establish that he has a protectable liberty interest created by California law. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) ("For a state statute or regulation to create a liberty interest protected by the Constitution ... [f]irst, the law must set forth substantive predicates to govern official decision making and, second, it must contain explicitly mandatory language, i.e., a specific directive to the decision-maker that mandates a particular outcome if the substantive predicates have been met." (citation and internal quotations marks omitted)).

Summary judgment on Miramontes' equal protection claim was proper because Miramontes failed to raise a genuine dispute of material fact as to whether he was intentionally treated differently from other similarly situated detainees and suffered intentional discrimination on the basis of his membership in a protected class. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (equal protection "class of one" claim requires alleging that plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (setting forth requirements for equal protection discrimination claim based on membership in a protected class).

Dismissal of Miramontes' excessive force claim was proper because Miramontes failed to allege facts sufficient to show that defendants used an objectively unreasonable amount of force in placing Miramontes in protective custody. *See Kingsley v. Hendrickson*, —— U.S. ——, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) ("[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.").

We do not consider issues not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider facts or documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Miramontes' "Motion to be exempt from giving notice" (Docket Entry No. 18) is denied as moot.

**AFFIRMED.**