**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE BOLDS, | No. 18-15506 |
| Petitioner-Appellant, | D.C. No. 1:12-cv-01754-LJO-BAM |
| v. | |
| J. CAVAZOS, Chief Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Willie Bolds appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging a procedural due process

claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Bolds's action arising from the alleged deprivation of his television under Cal. Code Regs. tit. 15, § 3287(a)(4) because Bolds failed to allege facts sufficient to show that he was not provided with the process he was due under the regulation. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (a prison violates the due process clause "when it prescribes and enforces forfeitures of property [w]ithout underlying [statutory] authority and competent procedural protections" (citation and internal quotation marks omitted)).

We reject as without merit Bolds's contentions that the magistrate judge lacked jurisdiction to submit findings and recommendations for the district judge's consideration or that the district judge failed to make a de novo determination of those portions of the findings and recommendations to which Bolds objected.

**AFFIRMED.**