**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID HODGES, | No.    20-35066 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00521-AC |
| v. | |
| CORIZON HEALTH, INC.; TRANG TRAN, RN; ANDREW GRASLEY, MD; CHERYL CALCAGNO, FNP, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CLACKAMAS COUNTY; JOSEPH MCCARTHY, MD; WALTER HARDIN, DO, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted December 3, 2020 [**]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TROTT, SILVERMAN, and NR SMITH, Circuit Judges

David Hodges appeals the judgment entered in favor of the defendants in his action claiming deliberate indifference and medical negligence while he was a pretrial detainee in Clackamas County Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the grant of summary judgment. *Nev. Dep't. of Corr. v. Green*, 648 F.3d 1014, 1018 (9th Cir. 2011). We affirm.

The district court appropriately exercised its discretion by denying the motion for appointment of a third pro bono counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and exceptional circumstances test). Pro bono counsel represented Hodges early in the case, amended the complaint, conducted extensive discovery, interviewed Hodges's cardiologist, and negotiated a settlement while summary judgment was pending. Counsel turned extensive discovery over to Hodges after he fired her. Hodges then demonstrated an ability to understand and prosecute his case and partially prevailed on summary judgment.

The district court appropriately exercised its discretion by declining to appoint a medical expert after Hodges's withdrew his motion and informed the court that he had located a pro bono expert. *Claiborne v. Blauser*, 934 F.3d 885,

2

901 n.7 (9th Cir. 2019) (explaining the district court's discretion to appoint a medical expert).

The district court appropriately exercised its discretion by denying Hodges's requests to reopen discovery. *Green*, 648 F.3d at 1018 (setting forth the standard of review). Pro bono counsel had deposed the named defendants, obtained numerous documents from the defendants, and turned the discovery over to Hodges. Although Hodges wanted to depose his cardiologist, he conceded that pro bono counsel had interviewed the doctor, who substantially agreed with the defendants' expert medical witness.

The district court appropriately exercised its discretion by holding that Exhibit 16 (website information from the National Institute of Health and a handout from the American Heart Association) was inadmissible to prove the medical standard of care for treatment of Hodges's heart condition in jail. *Green*, 648 F.3d at 1018 (holding that we review for an abuse of discretion and affirm "unless [the] evidentiary ruling was manifestly erroneous and prejudicial."). As a matter of law, Hodges's own lay opinion cannot create a genuine issue of material fact regarding the need for a specific type of medical treatment or establish the standard of care for negligence. *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that "[a] difference of opinion between a prisoner-

patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"); *Trees v. Ordonez*, 311 P.3d 848, 854 (Or. 2013) (holding that expert testimony is necessary to establish the standard of care in most Oregon medical malpractice cases). Contrary to Hodges's argument, the defense expert, Douglas Dawley, M.D., sufficiently substantiated his opinion.

The district court appropriately exercised its discretion by giving Hodges an additional two months, instead of 120 days, to respond to the remaining summary judgment issues. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth the standard of review). The motion had been pending for over two years. In any event, the district court subsequently gave Hodges several extensions of time to obtain his expert opinion and file a surreply to the motion. Hodges had more than enough time to respond to the motion.

Summary judgment was proper for the defendants on the deliberate indifference claim. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth the objective deliberate indifference standard for pretrial detainee medical care claims). At most, the evidence establishes a difference of opinion between Hodges himself and the medical experts regarding the type of medical treatment that Hodges should have received in jail. As a matter of law, the difference of opinion does not rise to the level of deliberate indifference. *Sanchez*

*v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Franklin*, 662 F.2d at 1344.

Hodges alleges that he didn't receive while in jail the angiogram ordered by his cardiologist before he was transferred to the prison twenty-one days later. He has not shown that this isolated incident caused any harm. Therefore, he hasn't shown deliberate indifference. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that a "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Finally, summary judgment was proper on the state negligence claim. Hodges was not qualified to opine on the standard of care. *Trees*, 311 P.3d at 854 (holding that expert testimony is necessary to establish the standard of care in most Oregon medical malpractice cases). In any event, the medical expert opined that Hodges received the proper care, did not suffer a heart attack while he was in jail, and the care provided in jail did not cause Hodges heart damage. Rather, any damage was caused by the natural progression of his heart disease and could not be linked to his treatment in jail.

**AFFIRMED.**