**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTHUR JULIUS-GREENE BERAHA, FKA Travers A. Greene,

Plaintiff-Appellant,

v.

JAMES DZURENDA, et al.,

Defendants-Appellees.

No.   20-16516

D.C. No.
3:17-cv-00366-RCJ-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 20, 2022[**]
San Francisco, California

Before:  BADE, LEE, and KOH, Circuit Judges.

Arthur Julius-Greene Beraha, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), appeals *pro se* the district court's grant of summary judgment and Rule 12(b)(6) order dismissing his various claims against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prison officials, Inmate Calling Solutions, LLC ("ICS"), and CenturyLink Public Communications, Inc.

Beraha asserts claims under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*; the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*; and state law. The court has jurisdiction under 28 U.S.C. § 1291 and reviews this matter de novo. *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (summary judgment). For the following reasons, the court affirms in part, vacates in part, and remands.

1. Fourteenth Amendment due process claim:  The district court properly granted summary judgment on Beraha's Fourteenth Amendment due process claim challenging certain deductions from an inmate's account for expenses related to an offender's release or funeral. *See* Nev. Rev. Stat. §209.247. Beraha did not establish a triable dispute as to whether the procedural protections afforded by the regulations are inadequate. *See Nev. Dep't of Corr.*, 648 F.3d at 1019 ("An agency, such as the NDOC, violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." (cleaned up)).

2

2. <u>First Amendment free exercise claim:</u>  The district court properly granted summary judgment on Beraha's First Amendment free-exercise claim because he failed to raise a triable dispute as to whether the restriction on inmates' personal use of herbs, spices, and incense was not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

3. <u>RLUIPA claim:</u>  The district court properly granted summary judgment on Beraha's RLUIPA claim because he failed to raise a triable dispute as to whether the restriction is not the least restrictive means of furthering a compelling government interest. *See Walker*, 789 F.3d at 1134 (once an inmate shows that he participates in a religious exercise and the regulation substantially burdens that exercise, the burden shifts to defendant to show that the regulation is "the least restrictive means of furthering a compelling government interest").

4. <u>Injunctive relief claim:</u>  The district court properly granted summary judgment on Beraha's claim for injunctive relief permitting him to be free of restraints during visits from ALEPH Institute volunteers because it is moot. Defendants provided evidence that their policy has changed and cannot reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (a case may be mooted by a defendant's voluntary conduct

3

"if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" (cleaned up)).

5. <u>Communications Act of 1934 claim:</u> The district court properly dismissed Beraha's Communications Act claim because a Federal Communications Commission determination is a prerequisite to finding a private right of action, and no such determination exists for the alleged practice of dropping inmate calls. *See* 47 U.S.C. § 201(b); *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1156, 1160 (9th Cir. 2010) (a plaintiff "cannot demonstrate a violation of § 201(b) in the absence of an FCC determination").

The district court did not err in dismissing the claim with prejudice because Beraha could not seek an FCC determination on the intrastate communications described in his complaint, and the deficiencies in his complaint could not be saved by amendment. *See La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 360 (1986) ("[T]he [Communications] Act grants to the FCC the authority to regulate 'interstate and foreign commerce in wire and radio communication,' while expressly denying that agency 'jurisdiction with respect to . . . intrastate communication service . . . .'" (citations omitted)); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

6. <u>State law claims:</u> The district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state-law claims, but the dismissal should have been without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (explaining this court reviews the district court's refusal to exercise supplemental jurisdiction over state-law claims for abuse of discretion). We thus vacate the judgment to the extent it dismisses Beraha's state-law claims against CenturyLink and ICS with prejudice, and remand for the purpose of entering judgment on those claims without prejudice.[1]

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[1] The pending Motion to Substitute Party, filed on August 28, 2020 (Dkt. No. 19), is GRANTED. The Clerk is directed to substitute ICS Corrections, Inc., for CenturyLink Public Communications, Inc., on the docket.