NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JAMES P. ANDERSON,

Plaintiff - Appellant,

v.

KEVIN RUNGE; L. RICHARDSON; D. ARVIZO,

Defendants - Appellees.

No. 23-1535

D.C. No. 3:21-cv-00922-TLT

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted March 17, 2025[**]

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

California state prisoner James P. Anderson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

due process violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Anderson's retaliation claim because Anderson failed to raise a genuine dispute of material fact as to whether defendants took an adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the requirements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Anderson's due process claim because Anderson failed to raise a genuine dispute of material fact as to whether his constitutional rights were violated. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (no due process violation where an inmate was given notice of and an adequate opportunity to comply with a regulation that restricted personal property because "that is all the process that is due"); *see also Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984) (an unauthorized deprivation of property, whether negligent or intentional, is not actionable if the state provides a meaningful post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**